| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FIRSTENERGY SOLUTIONS CORP., ET AL. | ) | Case No. 18-50757 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Judge Alan M. Koschik |
| | ) | |

_____

| | | |
|---|---|---|
| | ) | |
| MARK A. ROBERTS, | ) | Adv. Proc. No. 20-05017 |
| | ) | |
| Plan Administrator, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GEM INDUSTIAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

_____

## ANSWER
_____

Defendant GEM Industrial, Inc., respectfully sets forth the following for its Answer:

1.  Defendant DENIES, for lack of knowledge of the truth or falsity thereof, the allegations set forth in Paragraph 1 of the Complaint.

2.  Defendant ADMITS the allegations of Paragraph 2 of the Complaint.

3.  Defendant ADMITS the allegations of Paragraph 3 of the Complaint.

4.  Defendant ADMITS the allegations of Paragraph 4 of the Complaint.

5.  Defendant ADMITS the allegations of Paragraph 5 of the Complaint.

6.  Defendant ADMITS the allegations of Paragraph 6 of the Complaint, and also CONSENTS to the entry of final orders or judgments by this Court.

1

7. Defendant ADMITS the allegations of Paragraph 7 of the Complaint.

8. Defendant ADMITS the allegations of Paragraph 8 of the Complaint.

9. Defendant ADMITS the allegations of Paragraph 9 of the Complaint.

10. Defendant ADMITS the allegations of Paragraph 10 of the Complaint.

11. Defendant ADMITS the allegations of Paragraph 11 of the Complaint.

12. Defendant ADMITS the allegations of Paragraph 12 of the Complaint.

13. Defendant ADMITS the allegations of Paragraph 13 of the Complaint.

14. Defendant ADMITS the allegations of Paragraph 14 of the Complaint.

15. Defendant ADMITS the allegations of Paragraph 15 of the Complaint.

16. Defendant denies, for lack of knowledge of the truth or falsity thereof, the allegations set forth in Paragraph 16 of the Complaint.

## COUNT I

17. No response is required with respect to Paragraph 17 of the Complaint.

18. Defendant DENIES the allegations of Paragraph 18 of the Complaint. Answering further, Defendant says that one or more of the transfers set forth on the Exhibit to the Complaint appears to have been made by a non-debtor affiliate of the Debtors.

19. Defendant DENIES the allegations of Paragraph 19 of the Complaint.

20. Defendant ADMITS the allegations of Paragraph 20 of the Complaint.

21. Defendant DENIES the allegations of Paragraph 21 of the Complaint.

22. Defendant DENIES the allegations of Paragraph 22 of the Complaint.

23. Defendant ADMITS the allegations of Paragraph 23 of the Complaint.

24. Defendant DENIES the allegations of Paragraph 24 of the Complaint.

25. Defendant DENIES the allegations of Paragraph 25 of the Complaint.

## COUNT II

26. No response is required with respect to Paragraph 26 of the Complaint.

27. Defendant DENIES the allegations of Paragraph 27 of the Complaint.

28. Defendant ADMITS the allegations of Paragraph 28 of the Complaint.

29. Defendant DENIES the allegations of Paragraph 29 of the Complaint.

## COUNT III

30. No response is required with respect to Paragraph 30 of the Complaint.

31. Defendant DENIES the allegations of Paragraph 31 of the Complaint.

32. Defendant DENIES the allegations of Paragraph 32 of the Complaint.

33. Defendant DENIES the allegations of Paragraph 33 of the Complaint.

34. Defendant DENIES the allegations of Paragraph 34 of the Complaint.

## AFFIRMATIVE DEFENSES

1. One or more of the transfers described in the Exhibit to the Complaint was not made by a Debtor in these cases, but was made by a non-debtor affiliate.

2. One or more of the transfers described in the Exhibit to the Complaint was not made for or on account of antecedent debt.

3. One or more of the transfers described in the Exhibit to the Complaint was not made while the Debtor was insolvent.

4. One or more of the transfers described in the Exhibit to the Complaint did not enable the Defendant to receive more than the Defendant would have received in Chapter 7, had the transfer not been made.

5. One or more of the transfers described in the Exhibit to the Complaint was a substantially contemporaneous exchange for new value.

3

6. One or more of the transfers described in the Exhibit to the Complaint was made in the ordinary course of the business or financial affairs of the Debtor and the Defendant.

7. One or more of the transfers described in the Exhibit to the Complaint was made according to ordinary business terms.

8. The Defendant gave new value to or for the benefit of the Debtor with respect to one or more of the transfers described in the Exhibit to the Complaint.

9. The Debtors are barred from proceeding against the Defendant under equitable principles in connection with fraudulent activities employed in the passage of Ohio House Bill 6.

WHEREFORE, having fully answered the Complaint against it and having set forth its Affirmative Defenses, the Defendant demands that the Complaint be DISMISSED and that the Plaintiff take nothing for his efforts, and respectfully requests that this Court award the Defendant its costs incurred in responding to the Complaint and any and all other legal or equitable relief to which this Court finds the Defendant to be justly entitled.

Respectfully submitted,

/s/Thomas W. Coffey
Thomas W. Coffey (0046877)
Coffey Law LLC
2430 Tremont Avenue
Cleveland, OH 44113
(216 870-8866
tcoffey@tcoffeylaw.com

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer was served on August 7, 2020 on all parties who have consented to receive notice through the Court's Electronic Case Filing System.

/s/Thomas W. Coffey
Thomas W. Coffey (0046877

4